■ Anwar Barrett-Bell, Respondents, v Iris Cab Corp. et al., Defendants, and Julio Cesar Mendoza et al., Appellants. [890 NYS2d 539]—

In support of the motion, defendants' attorney represented that plaintiff Stanley Bell willfully failed to submit to an orthopedic examination that defendants first scheduled for June 24, 2008 and then for July 15 and August 5, 2008, in violation of court orders dated September 25, 2007 and March 19, 2008. In

opposition, plaintiff's attorney represented that on April 7, 2008, he received a notice from defendants' attorney, dated March 31, 2008, unilaterally scheduling two physical examinations for April 8 at the same address, one by an orthopedist and the other by a neurologist, and that notwithstanding the short notice, plaintiff appeared on April 8 at the offices of the doctors designated in the notice and was examined by them. In reply, defendants' attorney represented that while plaintiff appeared for the medical examinations scheduled for April 8, he was examined not by the orthopedist designated in defendants' notice but by a chiropractor with the same last name as the orthopedist. The motion court denied defendants' motion on the ground that it was "disingenuous" in conveying that the examination was not conducted because of plaintiff's failure to respond to defendants' examination notices "when in reality it was defendants' error in [failing to] ensur[e] that the proper physician conducted the physical examination." This was a proper exercise of discretion. The prejudice claimed by defendants is mitigated by the chiropractor's report, which indicates normal ranges of motion. Concur—Mazzarelli, J.P., Andrias, Saxe, Catterson and Acosta, JJ.